IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-259-FL-3
No. 5:16-CV-586-FL

| | |
|---|---|
| LIAL DONNELL McKOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 (DE 177), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The matter also is before the court on petitioner's motions to hold case in abeyance (DE 284, 285) pending the Fourth's Circuit decisions in United States v. Simms, No. 15-4640 and United States v. Ali, No. 15-4433. Petitioner did not respond to the court's order to show cause why the case should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017), and thus the issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motions to vacate and to hold case in abeyance.

**BACKGROUND**

On January 6, 2010, petitioner pleaded guilty to conspiracy to possess with the intent to distribute and distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). On January 21, 2011, petitioner was sentenced to a term of 294 months' imprisonment. At sentencing, the court found petitioner was a career offender

under the United States Sentencing Guidelines based in part on his previous North Carolina conviction for assault with a deadly weapon inflicting serious injury. The career offender designation produced an advisory Guidelines sentencing range of 360 months to life imprisonment. The court sentenced petitioner below the Guidelines range based on a motion for downward departure. The court thereafter reduced petitioner's sentence to 196 months' imprisonment pursuant to a post-judgment motion for reduction of sentence.

Petitioner did not appeal his conviction or sentence. On August 20, 2012, petitioner filed his first motion to vacate, set aside, or correct sentence, which was denied.

On June 24, 2016, the Fourth Circuit granted petitioner's motion for authorization to file second or successive § 2255 motion. On June 26, 2016, petitioner, through counsel, filed the instant motion to vacate, arguing that he was improperly designated a career offender under Johnson. The court thereafter stayed consideration of the motion pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544. On March 14, 2017, the court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner's counsel moved to withdraw from representation on March 15, 2017, and the court granted the motion that same day.

Petitioner did not respond to the court's March 14, 2017, order, but filed notice of appeal on March 24, 2017. The court thereafter held this matter in abeyance pending the outcome of petitioner's appeal. On February 7, 2018, the Fourth Circuit issued an unpublished per curiam opinion dismissing petitioner's appeal as untimely. United States v. McKoy, 710 F. App'x 603 (4th Cir. 2018). The court thereafter lifted the stay of this matter, and again instructed petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles. Petitioner did not respond

to the court's order, but filed motions to hold case in abeyance pending the Fourth Circuit's forthcoming decisions in United States v. Simms, No. 15-4640 and United States v. Ali, No. 15-4433.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

In his sole claim, petitioner argues that his sentence is unconstitutional. (Mot. (DE 265) ¶ 12). In particular, petitioner contends that his North Carolina conviction for assault with a deadly weapon inflicting serious injury cannot serve as a predicate conviction for the career offender designation in light of Johnson. (Id.)

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

3

Petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. See U.S.S.G. § 4B1.1, cmt. n.1 (2010) (stating § 4B1.2(a) provides the definition for "crime of violence" for purposes of the Guidelines career offender provision). The Supreme Court recently held, however, that the advisory Guidelines are not "amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner may not rely on Johnson's reasoning to challenge the calculation of his Guidelines imprisonment range. The motion to vacate is therefore denied.

B.  Petitioner's Motions to Hold Case in Abeyance

Petitioner's motions to hold case in abeyance pending decisions in Simms and Ali also are denied. The petitioners in Simms and Ali argue Johnson renders the residual clause found in 18 U.S.C. § 924(c) unconstitutionally vague. See United States v. Simms, No. 15-4640 (July 31, 2018) (DE 63); United States v. Ali, No. 15-4433 (4th Cir. June 14, 2018) (DE 101). Petitioner was not convicted of a § 924(c) offense, and thus Simms and Ali have no application to his case. Additionally, neither Simms nor Ali can overrule Beckles's holding that the advisory Guidelines are not amenable to a vagueness challenge.

B.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of

appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motions to vacate (DE 265) and to hold case in abeyance (DE 284, 285). A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 20th day of December, 2018.

LOUISE W. FLANAGAN
United States District Judge